THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT H. DRAKE, v. GARRETT BERGEN, a POLICE JUSTICE OF THE CITY OF BROOKLYN, RESPONDENT.

*Abandonment of families by husbands — prosecution for, in Brooklyn — 1871, chap. 395 — 1882, chap. 171 — the offense to come thereunder must be committed within Kings county.*

Chapter 395 of 1871, authorizing criminal proceedings to be instituted against persons abandoning, or threatening to abandon, their families, only applies to cases in which the offense is committed in the county of Kings; it does not include the case of a woman coming into that county after her husband has abandoned her in another State.

*Bayne* v. *People* (14 Hun, 181) followed.

Such a case was not brought within the purview of the statute by the addition thereto, by chapter 171 of 1882, of the words "or who shall leave them in danger of becoming a burden upon the public, or who shall neglect to provide for them according to their means."

CERTIORARI to review the conviction of the relator by a police justice of the city of Brooklyn, upon a charge of abandoning his wife.

*Baldwin F. Strauss*, for the relator.

*A. Simis, Jr.*, for the respondent.

DYKMAN, J. :

This was a proceeding instituted before the defendant, a police justice of the city of Brooklyn, charging the relator with abandonment of his wife and child. The relator was convicted and has now brought the proceedings into this court by *certiorari* for review. The relator was married to his wife, Sophia Drake, about twenty-six years ago, and they have one child, a son, about twenty-three years of age. The wife came to Brooklyn from Jersey City, where she lived for thirty-three years.

On her cross-examination she testified as follows : " I have resided in Sackett street five or six weeks with a friend ; not relative or paying board ; I came to Brooklyn from Jersey City ; lived there thirty-three years ; been married twenty-six years to defendant ; child is a boy twenty-three years ; it is four years since I have seen or spoken to my husband, until his arrest ; I last before saw him in

New Bedford, Mass. ; was there one day ; then lived in Greenville, N. J., with my brother; when we separated I lived in Greenville, N. J. ; he left me no property."

The brother of the wife testified that her husband left her in October, 1879. From the testimony taken together, it appears that the abandonment was in the State of New Jersey. The prosecution is under chapter 171 of the Laws of 1882, which is an act to amend chapter 395 of the Laws of 1871, entitled "An act in relation to persons who abandon or threaten to abandon their families in the county of Kings," and we decided at the General Term in this district, in May, 1878, that the fact that a husband abandoned his wife and children in another State, and that the wife subsequently came to reside in Brooklyn, did not authorize proceedings against the husband under that act of 1871. Our decision proceeded on the ground that the abandonment of a wife by her husband was made by the statute a *quasi* criminal offense, and that the police magistrate of the city of Brooklyn had jurisdiction only of crimes committed in that city, and that the testimony of the wife disproved the abandonment there. (*Bayne* v. *People*, 14 Hun, 181.) This case falls directly within that decision.

It is true the amended statute of 1882 enlarges the statute of 1871 by an addition of the words " or who shall leave them in danger of becoming a burden on the public, or who shall neglect to provide for them according to their means ; " yet the crime is abandonment, and the words " leave them," refers to the original leaving, and if it is intended to make " neglect to provide for them according to their means," an additional or new offense, there is no proof here to make the husband guilty ; there is no proof that he had any means. We prefer to place our decision on the ground of want of jurisdiction in the magistrate to entertain the proceedings. The original law had relation only to abandonment in the county of Kings, and the amendatory statute was intended to have the same scope and be subject to the same.

The proceedings should be reversed.

PRATT, J., concurred ; BARNARD, P. J., dissented.

Judgment of Special Sessions reversed.